FILED

2012 MAY 17  PM 3: 04

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLD KETTLE PROPERTIES,<br><br>          Plaintiff,<br><br>          vs.<br><br>DAVID JACKSON,<br><br>          Defendant. | Case No. ED CV 12-728-UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING<br>IMPROPERLY-REMOVED ACTION |

The Court will remand this unlawful detainer action to state court summarily because defendant removed it improperly.

On May 8, 2012, defendant David Jackson, having been sued in what appears to be a routine unlawful detainer action in California Superior Court, lodged a Notice Of Removal of that action to this Court, and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, defendant's assertion of removal jurisdiction under 28 U.S.C. § 1443 is baseless, as he has not satisfied either prong of the two-part test required

1

1   for removal under § 1443(1).  *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th
2   Cir. 2006).  As described in more detail in the Order Denying Defendant's Request
3   to Proceed Without Prepayment of Filing Fee, the Notice of Removal fails to
4   assert, as a defense to the unlawful detainer action, a statutory right for the
5   protection of racial equality, and also fails to point to any state statute or
6   constitutional provision that commands the state courts to ignore such federal
7   right.  In addition, although defendant hints at diversity jurisdiction, because the
8   amount in controversy does not exceed $75,000 and there is no allegation of
9   diversity of citizenship, there is no basis to assert diversity jurisdiction.  *See* 28
10  U.S.C. §§ 1332, 1441.

11        Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the
12  Superior Court of California, Riverside County, 13800 Heacock Street, Building D
13  #201, Moreno Valley, CA 92553, for lack of subject matter jurisdiction pursuant
14  to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the
15  state court; and (3) that the Clerk serve copies of this Order on the parties.

16
17
18  DATED:    5/12/2012
19                                HONORABLE AUDREY B. COLLINS
                                  CHIEF UNITED STATES DISTRICT JUDGE
20
21
22
23
24
25
26
27
28

2

FILED

2012 MAY 17  PM 3:04

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

| GOLD KETTLE PROPERTIES, | ) | Case No. ED CV 12-728-UA (DUTYx) |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING DEFENDANT'S REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEE |
| DAVID JACKSON, | ) | |
| Defendant. | ) | |

18  Pro se defendant David Jackson lodged a Notice of Removal herein on May

19  8, 2012.  Defendant also filed a Request to Proceed In Forma Pauperis ("IFP

20  Request") on May 8, 2012.

21  After careful review and consideration of the allegations of the Notice of

22  Removal and the underlying Complaint, and pursuant to 28 U.S.C. Section 1915,

23  the Court finds that defendant's allegations in support of removal are frivolous and

24  that the Court lacks jurisdiction.

25  The Court has screened the Notice of Removal prior to ruling on the IFP

26  Request, for purposes of determining whether the action is frivolous or malicious;

27  or fails to state a claim on which relief may be granted; or seeks monetary relief

28  against a party who is immune from such relief.

1

1    In addition, the Court has screened the Notice of Removal to determine
2    whether it alleges facts in support of federal jurisdiction. "If at any time before
3    final judgment it appears that the district court lacks subject matter jurisdiction,
4    the case shall be remanded." 28 U.S.C. § 1447(c).

5    "The strong presumption against removal jurisdiction means that the
6    defendant always has the burden of establishing that removal is proper." *Gaus v.*
7    *Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Since defendant is appearing pro
8    se, the Court must construe the allegations of the Notice of Removal liberally and
9    must afford defendant the benefit of any doubt. *See Karim-Panahi v. Los Angeles*
10   *Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Even so, it is well-established
11   that "the plaintiff is 'the master of the complaint'" and can plead to avoid federal
12   jurisdiction. *Holmes Group, Inc. V. Vornado Air Circulations Sys., Inc.*, 535 U.S.
13   826, 831, 122 S. Ct. 1889, 153 L.Ed.2d 13 (2002).

14   Here, defendant's Notice of Removal principally asserts that this court has
15   jurisdiction under 28 U.S.C. § 1443, which permits removal of state actions by
16   a defendant "who is denied or cannot enforce" his or her civil rights in state court.
17   28 U.S.C. § 1443(1). The underlying state action in this case is a straight-forward
18   unlawful detainer action. Defendant asserts that he has been denied due process in
19   the unlawful detainer action, and that the rules of evidence and civil procedure are
20   applied without equal protection. Notice of Removal at 2. Defendant supports
21   this assertion by contending that plaintiff has not been following the procedural
22   rules in the state court action (*id.* at 3), and that defendant's "rights to equal
23   protection under the law are non-existent in state court unlawful detainer actions."
24   *Id.* at 4. These allegations are insufficient to establish jurisdiction under § 1443.

25   A petition for removal under § 1443(1) must satisfy a two-part test: (1) "the
26   petitioners must assert, as a defense to the prosecution, rights that are given them
27   by explicit statutory enactment protecting equal racial civil rights"; and (2)
28   "petitioners must assert that the state courts will not enforce that right, and that

allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (internal quotation marks and citations omitted). The Notice of Removal here does not satisfy either prong of the test. First, although defendant points to the Due Process and Equal Protection Clauses, he makes no reference to racial civil rights, and specifically makes no reference to a *statutory* enactment protecting racial equality. *See People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (broad rights found under First and Fourteenth Amendments "are not within the coverage of section 1443"). And second, defendant has not pointed to any state statute or constitutional provision that commands the state courts to ignore federal rights. As such, the Notice of Removal does not establish a proper basis for removal under § 1443.

Defendant's Notice of Removal also hints at purported diversity jurisdiction, for which the amount in controversy must exceed $75,000 and there must be complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332. But although defendant alleges the amount in controversy "could" exceed $75,000 (Notice of Removal at 3), the plaintiff in the unlawful detainer action seeks damages that do not exceed $10,000, excluding interest and costs. Complaint, caption; *see Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986) ("the question for removal jurisdiction must . . . be determined by reference to the 'well-pleaded complaint'"). The Complaint specifically seeks damages of $53.33 per day from February 25, 2012 to the date of entry of judgment. Complaint at 2. Moreover, the Notice of

//

//

3

1  Removal does not allege that the parties are citizens of different states, as required

2  for diversity under § 1332.

3      For these reasons, defendant's IFP Request is DENIED.

4

5

6  DATED:  _____5/10/2012_____

7                              HONORABLE AUDREY B. COLLINS
                               CHIEF UNITED STATES DISTRICT JUDGE

8  Presented by:

9

10

11  Sheri Pym
    United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                4